

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| MARIO JESUS OBREGON,           § | |
|                 Petitioner,           § | |
|      § | |
| vs.           § | |
|      §           CIVIL ACTION 5:19-3454-MGL-KDW | |
| B.M. ANTONELLI,           § | |
|                 Respondent.           § | |

**MEMORANDUM OPINION AND ORDER
REJECTING THE REPORT AND RECOMMENDATION AND
TRANSFERRING THIS CASE TO THE WESTERN DISTRICT OF TEXAS COURT**

**I.     INTRODUCTION**

Petitioner Mario Jesus Obregon (Obregon) filed this 28 U.S.C. § 2241 petition against Respondent B.M. Antonelli (Antonelli). Obregon is self represented.

The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting Antonelli's motion to dismiss be granted. The Report was submitted as per 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on September 17, 2020, and the Clerk entered Obregon's objections on October 6, 2020. Accordingly, the matter is now ripe for the Court's consideration.

## II.   FACTUAL AND PROCEDURAL HISTORY

When Obregon filed his Section 2241 petition, he was incarcerated at FCI–Williamsburg, which is located in Salters, South Carolina. As such, FCI-Williamsburg, as well as its warden, Antonelli, are within this Court's jurisdiction.

Obregon, however, has been moved from FCI–Williamsburg and is now in FCI-Bastrop, which is located in Bastrop, Texas. FCI-Bastrop and its warden are within the jurisdiction of the United States District Court for the Western District of Texas (WDTX), which is a court of the Fifth Circuit Court of Appeals. Obregon was convicted of the charges at issue in his Section 2241 petition in the United States District Court for the Southern District of Texas, which is also a court of the Fifth Circuit.

## III.   DISCUSSION AND ANALYSIS

"The federal habeas statute straightforwardly provides . . . the proper respondent to a habeas petition is 'the person who has custody over [the petitioner].'" *Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004) (quoting 28 U.S.C. § 2242). "The writ, or order to show cause shall be directed to the person having custody of the person detained." 28 U.S.C. § 2243.

"The consistent use of the definite article in reference to the custodian indicates . . . there is generally only one proper respondent to a given prisoner's habeas petition. This custodian, moreover, is 'the person' with the ability to produce the prisoner's body before the habeas court." *Rumsfeld*, 542 U.S. at 434–35 (quoting § 2242).

Ascertaining the proper respondent is critical because "[t]he writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody." *Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 494–95 (1973). "The whole force of the writ is spent upon the respondent." *Id.* at 495 (citation omitted) (internal quotation marks omitted).

"District courts are limited to granting habeas relief 'within their respective jurisdictions.'" *Rumsfeld*, 542 U.S. at 442 (quoting 28 U.S.C. § 2241(a)). The Supreme Court has "interpreted this language to require 'nothing more than that the court issuing the writ have jurisdiction over the custodian.'" *Id.* (quoting *Braden*, 410 U.S. at 495). "[T]he custodian's absence from the territorial jurisdiction of the district court is fatal to habeas jurisdiction." *Id.* at 445.

From this law and these facts, we know the following: the Court has jurisdiction over Obregon's Section 2241 habeas petition only if it has jurisdiction over his current custodian. But, it does not.

Obregon's current custodian is the warden of FCI-Bastrop. S/he is located, not within this Court's jurisdiction, but instead within that of WDTX. Accordingly, Obregon's custodian's absence from the territorial jurisdiction of this Court is fatal to its jurisdiction to consider the merits of his petition.

But, even if somehow this Court were to assess the petition and then grant the relief Obregon seeks, Antonelli lacks the ability to fulfill an order by this Court granting the petition. This is so because Obregon is no longer in Antonelli's custody. That is why Obregon's Section 2241 petition must be transferred: so it can be presented to the warden of FCI-Bastrop, Obregon's immediate custodian, who is within the jurisdiction of WDTX.

Further, inasmuch as Obregon was convicted in the Fifth Circuit and is currently incarcerated there, Fifth Circuit, not Fourth Circuit, law controls both questions concerning the validity of his

3

conviction and whether he is entitled to habeas relief. As such, WDTX is in a better position to apply Fifth Circuit law to those issues than is this Court.

Simply said, controlling law, judicial economy, and the interests of justice call for this action to be transferred. Hence, the Court will reject the Report and transfer the case to WDTX.

Inasmuch as Obregon's objections go to the merits of his petition, the Court will overrule them for purposes of this Order. Nevertheless, he can raise them again with WDTX if he wishes to do so.

The Court notes if it were to consider the merits of this petition, it would dismiss it. But, as already noted, WDTX can better make a merits-based determination as to the petition than can this Court.

### IV.  CONCLUSION

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Obregon's objections and rejects the Report. Therefore, it is the judgment of the Court Antonelli's motion to dismiss is **DISMISSED WITHOUT PREJUDICE**; and this case is **TRANSFERRED** to WDTX for further proceedings.

To the extent Obregon requests a certificate of appealability from this Court, that certificate is **DENIED**.

**IT IS SO ORDERED**.

Signed this 22nd day of October, 2020, in Columbia, South Carolina.

/s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within sixty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.