IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **MARIO JESUS OBREGON** | § | |
| | § | |
| V. | § | 1:-20-CV-1061-LY |
| | § | |
| **B. M. ANTONELLI** | § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE LEE YEAKEL
       UNITED STATES DISTRICT JUDGE

Before the Court is Mario Jesus Obregon's Petition for Writ of Habeas Corpus brought pursuant to 28 U.S.C. § 2241. (Dkt. No. 1). The District Court referred the above-case to the undersigned Magistrate Judge for a determination pursuant to 28 U.S.C. §636(b) and Rule 1(c) of Appendix C of the Local Court Rules.

### I. Procedural Background

Obregon, proceeding pro se, is a federal prisoner incarcerated at Bastrop FCI in Bastrop, Texas. As is apparent from the docket sheet, Obregon originally filed this petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241, in the United States District Court for the District of South Carolina. At the time the petition was filed, Obregon was incarcerated at the Federal Correctional Institution Williamsburg in Salters, South Carolina. That court transferred the case to the United States District Court for the Eastern District of North Carolina, Western Division, who then transferred it back to the District Court of South Carolina. Once back in the South Carolina District Court, the case was fully briefed and a Magistrate Judge Issued a Report and Recommendation. The Report and Recommendation found that Obregon's habeas petition should be dismissed without prejudice, and that his potential remedy, if any, was to seek permission from the United States Court of Appeals for the Fifth Circuit to file a successive § 2255 petition in the

Southern District of Texas, the District in which he was sentenced. The South Carolina District Court, Orangeburg Division, rejected the Report and Recommendation, and transferred the case to the Western District of Texas, where Obregon is now incarcerated. Thus the case has arrived before this Court, fully briefed and ripe for review.

## II. Factual Background

Obregon was convicted by a jury of conspiracy to kidnap in violation of 18 U.S.C. § 1201, kidnaping in violation of 18 U.S.C. § 1201, and possession of a firearm during a crime of violence in violation of 18 U.S.C. §§ 2 and 924. *United States v. Obregon*, No. 5:07-cr-00452-1 (S.D. Tex. Nov. 25, 2008), Dkt. No. 219. The court sentenced Obregon to 312 months' imprisonment. *Id.*, Dkt. No. 385. Obregon filed an appeal challenging his convictions and sentences, and the Fifth Circuit Court of Appeals affirmed the judgment on April 27, 2010. *Id.*, Dkt. Nos. 387 and 449. On June 29, 2011, Obregon filed a motion to vacate judgment under 28 U.S.C. § 2255 that the district court denied on August 18, 2011. *Id.*, Dkt. Nos. 464, 466, and 467. Obregon filed a second § 2255 motion on November 13, 2012, which the district court denied on February 7, 2013. *Id.*, Dkt. Nos. 480, 481, and 482.

Obregon files the instant habeas petition arguing his convictions for kidnapping and conspiracy to kidnap are no longer crimes of violence under the holdings in *Davis v. United States*, 139 S. Ct. 2319 (2019), and *United States v. Campbell*, 783 F. App'x 311 (4th Cir. 2019), and therefore his conviction for possession of a firearm during a crime of violence pursuant to 18 U.S.C. § 924(c) should be vacated. Dkt. No. 1-1 at 2.

## III. Analysis

18 U.S.C. § 924(c) authorizes heightened criminal penalties for using or carrying a firearm "during and in relation to," or possessing a firearm "in furtherance of," any federal "crime of

violence or drug trafficking crime." § 924(c)(1)(A). Section 924(c)(3) defined the term "crime of violence" in two subparts — the first known as the elements clause, and the second known as the residual clause. Under § 924(c)(3), a crime of violence is "an offense that is a felony" that (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

In *Davis*, the Supreme Court held 18 U.S.C. § 924(c)(3)(B)'s definition of a "crime of violence" was unconstitutionally vague. 139 S. Ct. 2319. In *Campbell*, the Fourth Circuit noted that federal kidnapping does not qualify as a crime of violence in light of the holding in *Davis*. 783 F. App'x 311. Obregon challenges his conviction for possession of a firearm during a crime of violence, 18 U.S.C. § 924(c), contending his convictions for kidnapping and conspiracy to kidnap no longer qualify as crimes of violence under *Davis*, 139 S. Ct. 2319, and *Campbell*, 783 F. App'x 311. Dkt. Nos. 1 and 1-1.

Respondent seeks dismissal of the instant petition contending Obregon is not entitled to habeas relief pursuant to Section 2241. Dkt. No. 33. Respondent argues *Davis*, 139 S. Ct. 2319, is a new rule of constitutional law and therefore Obregon may not obtain relief under § 2241 but should instead seek permission to file a successive § 2255 motion. *Id.* at 2. Respondent also contends Obregon's reliance on *Campbell*, 783 F. App'x 311, is unavailing as *Campbell* does not apply to Obregon; but rather, the law of the Fifth Circuit where Obregon was sentenced applies. *Id.* In response, Obregon cites to *Davis* and argues this ruling invalidated conspiracy to kidnap as a crime of violence. Dkt. No. 41 at 4. Obregon asks the court to transfer his petition to the appropriate court if the court finds there is no jurisdiction. *Id.* at 6.

In his habeas corpus petition, Obregon is asserting he was improperly sentenced. "28 U.S.C. § 2255, not § 2241, is the proper means of attacking errors that occurred during or before sentencing." *Ojo v. INS*, 106 F.3d 680, 683 (5th Cir. 1997). In contrast, § 2241 allows a prisoner to attack the manner in which a sentence is carried out or the prison authorities' determination of its duration. *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). A § 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a § 2255 motion. *Id.* at 452.

The only exception to this result would be if Obregon's claims fall within the so-called "savings clause" of § 2255. A petitioner seeking relief under the § 2255 savings clause must demonstrate three things: (1) his claim is based on a retroactively applicable Supreme Court decision; (2) the Supreme Court decision establishes that he was "actually innocent" of the charges against him because the decision decriminalized the conduct for which he was convicted; and (3) his claim would have been foreclosed by existing circuit precedent had he raised it at trial, on direct appeal, or in his original § 2255 petition. *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001). "[T]he core idea is that the petitioner may have been imprisoned for conduct that was not prohibited by law." *Id.* at 903. The petitioner bears the burden of demonstrating that "the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); *see also Pack*, 218 F.3d at 452.

In *United States v. Reece*, 938 F.3d 630, 635 (5th Cir. 2019), the Fifth Circuit recognized that *Davis* announced a new rule of constitutional law and concluded that it is retroactive to cases on collateral review. After *Davis*, other circuits vacated Section 924(c) convictions associated with convictions for federal kidnapping under Section 1201(a). *See, e.g.*, *United States v. Walker*, 934

F.3d 375, 378-79 (4th Cir. 2019); *Knight v. United States*, 936 F.3d 495, 497 (6th Cir. 2019); *United States v. Brazier*, 933 F.3d 796, 800-01 (7th Cir. 2019).

However, Obregon cannot challenge his federal conviction and sentence under § 2241 unless he can satisfy the § 2255 savings clause as follows:

> An application for a writ of habeas corpus on behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e). Obregon, who was sentenced in the Southern District of Texas, has not applied to that court for relief under the current state of the law. The undersigned finds this court lacks jurisdiction to consider Obregon's § 2241 petition, as he cannot show that § 2255 is inadequate to test the legality of his sentence. Obregon's potential remedy, if any, is to seek permission from the United States Court of Appeals for the Fifth Circuit to file a successive § 2255 petition in the Southern District of Texas, the District in which Obregon was sentenced. Because Obregon's claims cannot be addressed under § 2241, the undersigned recommends his case be dismissed without prejudice.

### III.  RECOMMENDATION

The undersigned **RECOMMENDS** that the District Court **DISMISS** Mario Jesus Obregon's Petition for Writ of Habeas Corpus brought pursuant to 28 U.S.C. § 2241. (Dkt. No. 1) for lack of jurisdiction.

### IV.  WARNINGS

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections.  *See*

*Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53, (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED this 9th day of December, 2020.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE